UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:12-CR-53 |
| v. | ) | |
| | ) | JUDGE JORDAN |
| MICHAEL BRANDON DYKES | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Michael Brandon Dykes, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Dykes's supervised release should be revoked and that he should receive a sentence of six (6) months incarceration, to be followed by three (3) years of supervised release, which shall be subject to the same standard, general, and special conditions previously imposed with the added special conditions of supervised release that Mr. Dykes shall: (1) reside for a period up to six (6) months at a halfway house; and (2) "submit his person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. Mr. Dykes shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that Mr. Dykes has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner."

Mr. Dykes agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the

defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, Mr. Dykes acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Dykes stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall not commit another federal, state, or local crime.

(2) **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from unlawful use of a controlled substance.

(3) **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(4) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

(5) **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally, sold, used, distributed, or administered, or other places specified by the Court.

2

(6) **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

On or about January 22, 2015, Mr. Dykes submitted a urine drug screen per the office Code-A-Phone referral system, and the results were positive for buprenorphone. The offender admitted to the testing vendor that he used subutex. During a telephone conversation with this officer, Mr. Dykes also admitted to the illegal drug use.

On or about January 27, 2015, Mr. Dykes reported to the United States Probation Office for a non-compliance meeting. During that meeting the offender admitted he had been using subutex illegally for the past three weeks. On this date, the offender submitted to a drug screen and the results were positive for buprenorphone. Mr. Dykes stated he was given the subutex from a former co-worker named "Tiny". Mr. Dykes' drug testing frequency was increased and he was referred to Comprehensive Community Services for substance abuse treatment.

On or about February 3, 2015, Mr. Dykes reported to the United States Probation Office for a non-compliance meeting. During that meeting the offender stated he used ½ of a subutex tablet on or about January 30, 2015. Mr. Dykes stated after ingesting the subutex he attended his substance abuse treatment at Comprehensive Community Services. The offender also stated he ingested 1/4 of a subutex tablet on or about February 2, 2015.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade C violations for which an advisory guideline range of 5 to 11 months would apply given his Criminal History Category III. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of two (2) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the

3

evidence that he committed the violations alleged in the amended petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to a term of six (6) months incarceration, to be followed by three (3) years of supervised release, which shall be subject to the same standard, general, and special conditions previously imposed with the added special conditions of supervised release that Mr. Dykes shall: (1) reside for a period up to six (6) months at a halfway house; and (2) "submit his person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C.§ 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. Mr. Dykes shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that Mr. Dykes has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner."

Hon. R. Leon Jordan
United States District Judge

4

APPROVED FOR ENTRY:

_____  
David Gunn  
Assistant U.S. Attorney

_____  
Robert Welch  
U.S. Probation Officer

_____  
Michael Brandon Dykes  
Defendant

_____  
Tim S. Moore  
Attorney for Defendant

_____  
Rosana E. Brown  
Attorney for the Defendant

5